United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA PARKS, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-04554 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| THRIVE PROPERTY | § | |
| MANAGEMENT GROUP, | § | |
| INC, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Donna Parks proceeds here *pro se*. She filed a complaint against Defendant Thrive Property Management Group, Inc, alleging violations of the Fair Housing Act, the Texas Property Code, and a Housing and Urban Development regulation, 24 CFR §100.70. Dkt 1 at ¶¶16–20. She also brought a claim for breach of contract. Id at ¶¶10–13. She seeks declaratory and injunctive relief as well as compensatory damages, punitive damages, fees, and costs. Id at 8.

The matter was referred for disposition to Magistrate Judge Dena Hanovice Palermo. Dkt 4. Defendant filed a motion for summary judgment on all claims. Dkt 9. Plaintiff filed no response. Judge Palermo directed her to respond. Dkt 10. Plaintiff again failed to do so. Judge Palermo thus issued a Memorandum and Recommendation on June 17, 2025, in which she recommended that the case be dismissed with prejudice due to Plaintiff's failure to prosecute the case and comply with court orders. Dkt 11. Plaintiff filed an objection. Dkt 14.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

In her objection, Plaintiff acknowledges that she didn't comply with filing deadlines and the court's order to respond but contends that dismissal with prejudice is "a disproportionately harsh penalty." Dkt 14 at 1. She asks for a "second chance to respond" and requests that her status as a *pro se* litigant be taken into account. Id at 2–3.

Plaintiff is incorrect that her status as a *pro se* litigant is an excuse for her failure to adhere to deadlines and a court order. "It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v Books A Million Inc*, 296 F3d 376, 378 (5th Cir 2002) (quotation marks and citation omitted). This accords with Rule 8 of the Federal Rules of Civil Procedure, which states, "Pleadings must be construed so as to do justice." But the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v United States*, 508 US 106, 113 (1993); *West v Adecco Employment Agency*, 124 F Appx 991, 992 (6th Cir 2005). Indeed, *pro se* parties must know their legal rights and follow basic procedural rules. For example, see *Brackens v Stericycle Inc*, 829 F Appx 17, 20 (5th Cir 2020); *Boswell v Honorable Governor of Texas*, 138 F Supp 2d 782, 786 (ND Tex 2000); *Washington v Jackson State University*, 532 F Supp 2d 804, 809 (SD Miss 2006). In other words, *pro se* litigants won't receive special treatment beyond lenient construction of their pleadings. For example, see *Boswell*, 138 F Supp 2d

2

at 785; *Doss v Helpenstell*, 2014 WL 12756826, *2 (WD Tex); *Berry*, 489 F Supp 3d at 447; *Washington*, 532 F Supp 2d at 809.

Notably, Parks was expressly given a second chance to to respond to the motion for summary judgment after she failed to do so. Dkt 10. And she now gives no clear or actual reason for her failure to observe the deadline set by that order from the Magistrate Judge. *Pro se* status cannot excuse such disregard for a court order and easily ascertainable court deadlines.

No clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 11.

This civil action is DISMISSED WITH PREJUDICE. Dkt 1.

The motion for summary judgment by Defendant Thrive Property Management Group, Inc, is DENIED AS MOOT. Dkt 9.

A final judgment will enter separately.

SO ORDERED.

Signed on July 29, 2025, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3